UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ELI ZHADANOV and INTERLINK PRODUCTS
INTERNATIONAL, INC,

                      Plaintiffs,

         -against-

XIAMEN HUANGYUDU COSMETICS CO., LTD.
and HUIAN COUNTY MUBING E-COMMERCE CO.,
LTD.,

                  Defendants.

-------------------------------------x

**MEMORANDUM & ORDER**
26-CV-1027(EK)(PCG)

ERIC KOMITEE, United States District Judge:

Plaintiffs are a company that develops and sells shower and bath products and the company's president; they sue two Chinese companies that sell showerheads on Amazon that allegedly infringe the plaintiffs' patents.  Compl. ¶¶ 2-3, 9-15, 22-30.  Plaintiff Interlink complained to Amazon of the possible infringement and submitted a complaint through the Amazon Patent Evaluation Express program in December 2025; defendants rejected the offer to participate and instead filed declaratory-judgment actions against Interlink that remain pending in the Western District of Washington.  *Id.* ¶¶ 35-37.

Plaintiffs have also requested a temporary restraining order ("TRO"), directing the defendants to refrain from (1) making false or misleading statements regarding the specific showerheads at issue; (2) selling any products under Amazon

Standard Identification Numbers where the defendants made allegedly false or misleading statements related to the specific showerheads at issue; and (3) distributing in commerce any units of products containing any misleading or inaccurate statements about the flow rate or legal compliance of the products. *Id.* at 25. The TRO request is *ex parte*: plaintiffs have provided no written or oral notice to the defendants or their attorneys. For the reasons set forth below, this request is denied.

When a movant seeks an *ex parte* TRO, it must, among other things, certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *FEI Hong Kong Co. v. GlobalFoundries, Inc.*, No. 20-CV-2342, 2020 WL 1444956, at *2 (S.D.N.Y. Mar. 25, 2020) (denying TRO as plaintiff had "not provided any reasons why notice was unnecessary or impractical"); *Gullas v. 37-31 73rd St. Owners Corp.*, No. 12-CV-2301, 2012 WL 1655520, at *1 (E.D.N.Y. May 10, 2012) (denying TRO as plaintiffs had "neither shown that Defendant was given notice of this motion nor made any showing as to why notice should not be required"). This failure alone renders *ex parte* relief inappropriate. *E.g., Pro. Merch. Advance Cap., LLC v. C Care Servs., LLC*, No. 13-CV-6562, 2013 WL 12109397, at *2 (S.D.N.Y. Oct. 2, 2013) ("Plaintiff's attorney has not submitted anything about efforts to give notice

or reasons why notice should not be required.  That omission alone is fatal to the application . . . .").

Plaintiffs have also not separately moved for this preliminary relief; the request for a TRO appears only in the complaint.  It is thus not properly before this Court. *Allens Creek / Corbetts Glen Pres. Grp., Inc. v. Caldera*, 88 F. Supp. 2d 77, 83 (W.D.N.Y. 2000), *aff'd sub nom. Allens Creek / Corbetts Glen Pres. Grp., Inc. v. West*, 2 F. App'x 162 (2d Cir. 2001) (collecting cases and explaining that "[i]f a party seeks immediate relief, Rule 65 . . . requires the filing of a motion").

For the reasons set forth above, the request for a TRO is denied.  If plaintiffs wishes to pursue a preliminary injunction, they should file a motion in compliance with Rule 65 and serve that motion on the defendants.  In light of the plaintiffs' representations regarding the pending action in the Western District of Washington, plaintiffs are further ordered to show cause no later than March 2, 2026, why this action

should not be transferred to the Western District of Washington, to avoid duplicative litigation.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    February 23, 2026
          Brooklyn, New York